**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN MELNIK, | No.   20-15471 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02378-JCM-EJY |
| v. | |
| ROMEO ARANAS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 17, 2021
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

John Melnik appeals from the district court's decision granting summary judgment to Dr. Romeo Aranas in this action under 42 U.S.C. § 1983. Melnik, a Nevada state prisoner, alleges that for more than a year he was denied treatment for hepatitis C in violation of the Nevada Department of Corrections' (NDOC) own medical directive and contrary to physician recommendations. He sued Dr. Aranas,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the prison medical director and chairman of the committee that repeatedly denied him treatment, for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. The district court determined that Dr. Aranas was entitled to qualified immunity. We have jurisdiction under 28 U.S.C § 1291, and we reverse and remand for further proceedings.

We review de novo an order granting summary judgment based on qualified immunity. *Horton v. City of Santa Maria*, 915 F.3d 592, 606 (9th Cir. 2019). Dr. Aranas is entitled to qualified immunity unless (1) the disputed facts taken in the light most favorable to Melnik show that his conduct violated a constitutional right, and (2) the constitutional right was clearly established at the time he acted. *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014); *Taylor v. Barkes*, 575 U.S. 822, 824 (2015) (per curiam).

1. Melnik suffered a deprivation of a constitutional right. An inmate alleging a denial of medical care in violation of the Eighth Amendment must show that prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Dr. Aranas concedes that hepatitis C is a serious medical need, leaving only the question of deliberate indifference. While that standard is a demanding one requiring more than ordinary malpractice, a prison official acts with deliberate indifference by unduly delaying necessary medical treatment for

2

non-medical reasons. *See Colwell v. Bannister*, 763 F.3d 1060, 1066, 1068–70 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012).

Physicians repeatedly referred Melnik to the prison's hepatitis C committee for treatment, and treatment was repeatedly denied. Dr. Aranas's own medical expert opined that denying Melnik treatment was "inconsistent with NDOC policy and with the standard of care at the time," regardless of "whether or not subsequent tests fell a little below [the] threshold" that NDOC required to begin treatment. That Melnik eventually received treatment does not excuse the months-long delay. Dr. Aranas suggests that the delay may not have caused long-term damage to Melnik's health, but the extent of the harm caused by the delay is a disputed question of fact not appropriately answered at this stage. On this record, viewed in the light most favorable to Melnik, Dr. Aranas was deliberately indifferent to Melnik's serious medical need.

2.  Dr. Aranas may be held liable for his personal involvement in denying treatment to Melnik. Section 1983 claims cannot be based on vicarious liability; instead, a supervisor may be held liable only "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013) (quoting *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)). There is

significant evidence of Dr. Aranas's personal involvement. He discussed the situation with Melnik and responded to one of his grievances requesting treatment. And Dr. Aranas was chair of the two-person committee making approvals and handing down denials. In fact, Dr. Aranas admitted that "[i]t was me as the Chair of the Hepatitis C Committee that approved Mr. Melnik for treatment," an admission that supports an inference that it was he who denied the earlier requests for treatment. There is, accordingly, at least a question of fact as to whether Dr. Aranas was personally responsible for the delay.

3.  By 2016, numerous decisions of this and other circuits would have placed a reasonable official on notice that denying an inmate hepatitis C treatment for non-medical reasons would violate the Eighth Amendment. *See, e.g.*, *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (noting that hepatitis C "quite obviously cause[s] serious health problems, and can result in death"). Taken in the light most favorable to Melnik, the record shows that treatment was denied notwithstanding both physician opinion and prison policy to the contrary. No medical basis for the delay has been suggested. The district court therefore erred in holding that Dr. Aranas was entitled to qualified immunity.

**REVERSED and REMANDED.**